UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TOMAS SUXSTORF, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>ALLIED INTERSTATE, LLC,<br><br>　　　　　Defendant. | Case No.: 17-cv-449<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Tomas Suxstorf is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Allied Interstate, LLC ("Allied Interstate") is a Minnesota limited liability company with its principal place of business located at 12755 Hwy 55 Ste 300 Plymouth, MN 55441.

6. Allied Interstate is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Allied Interstate is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Allied Interstate is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about February 22, 2017, Allied Interstate mailed a debt collection letter to Plaintiff's regarding an alleged debt owed to "SYNCHRONY BANK" ("Synchrony"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged "Sam's Club® Personal Credit" credit card account, which Plaintiff opened and used only for personal, family or household purposes, including purchases of household goods at Sam's Club retail stores.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Allied Interstate to attempt to collect alleged debts.

12. Exhibit A is the first letter that Allied Interstate sent to Plaintiff regarding the Synchrony account identified in Exhibit A.

13. Exhibit A contains the following statement:

> We are a debt collection company and SYNCHRONY BANK has contracted with us to collect the debt noted above. Please refer to the enclosed Account Listing for detail regarding your account(s).

14. The "enclosed Account Listing," included with Exhibit A, states:

2

Account Listing

| Client | Principle Balance | Interest Placed | Interest Rate | Interest Added | Fees | Collection Costs | Amount Owed |
|---|---|---|---|---|---|---|---|
| XXXXXXXXXXXX9237 | $2402.01 | $0.00 | 0.000 % | $0.00 | $0.00 | $0.00 | $2402.01 |
| Totals | $2,402.01 | $0.00 | | $0.00 | $0.00 | $0.00 | $2,402.01 |

15. The representation in <u>Exhibit A</u> that the "Amount Owed" is the same as the "Principle [*sic*] Balance" is false, misleading and confusing to the unsophisticated consumer.

16. The interest rate is also not "0.000%."

17. The alleged debt is a credit card account. Upon information and belief, the debt will accrue interest, likely at a default or penalty rate between 20 and 30 percent or possibly more, between the date listed on <u>Exhibit A</u> and the date Plaintiff would make a payment on the alleged debt.

18. Synchrony may also assess late fees on the account.

19. The unsophisticated consumer understands that interest and fees are routinely added to delinquent (allegedly) credit card accounts, and would be confused as to why the interest values in the Account Listing are zero.

20. <u>Exhibit A</u> fails to state the amount of the debt in a non-confusing manner.

21. The unsophisticated consumer could not determine from <u>Exhibit A</u> what the balance on the date of the letter actually is, and would be confused by the representations that no interest is accruing.

22. The unsophisticated consumer could send a check for the balance and would not know whether he had sent enough money to actually resolve the account, due to the possibility that Allied Interstate or Synchrony had added interest or other charges to the settlement amount.

3

23. Moreover, the Account Listing also falsely indicates that "Collection Costs" may be added to the debt.

24. Any purchases made with a personal credit card account were "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

25. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

26. Credit card transactions are, by definition, "transactions pursuant to open-end credit plans." Wis. Stat. § 421.301(27)(a).

27. The WCA specifically prohibits the attachment of collection fees or collection costs and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

28. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection costs as a permissible fee a creditor may charge in connection with a consumer credit transaction.

29. Because credit card transactions are consumer credit transactions, Exhibit A falsely states or implies that Allied Interstate has a right to add collection costs to the debt.

4

30. Even if a provision of any agreement between Plaintiff and the original creditor would purport to permit Allied Interstate to impose a collection fee, the WCA prohibits such charges. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

31. Plaintiff was confused by Exhibit A.

32. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

33. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

34. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the

invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

36. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

38. 15 U.S.C. § 1692e(10) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692g(a) requires a debt collector to disclose in the first written communication with the consumer, among other things, a non-confusing statement of the amount of the debt. 15 U.S.C. § 1692g(a)(1).

### COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. The amount of the debt in <u>Exhibit A</u> is confusing.

45. There is no explanation as to why the interest rate on an alleged credit card account would be zero.

46. The unsophisticated consumer would not understand why Defendant and Synchrony were stating that no interest was being added to Plaintiff's account when Synchrony had recently been adding interest to the account at the contractual, default rate.

47. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f and 1692g(a).

### COUNT II -- FDCPA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. The references in <u>Exhibit A</u> to "Collection Costs" are false, misleading and confusing.

50. Allied Interstate threatened to add collection costs to Plaintiff's debts when neither Allied Interstate nor the creditor is entitled to collection costs. The WCA prohibits Allied Interstate from adding collection costs to the debt.

7

51. Allied Interstate's misrepresentation of the amounts it would attempt to collect is an unfair and/or unconscionable method by which to try and collect an alleged debt.

52. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

53. The unsophisticated consumer would be confused by the nebulous references in Allied Interstate's letter to "Fees," and "Non-Interest Charges" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

54. Allied Interstate violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1).

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters in the form represented by Exhibit A to the complaint in this action, (c) in which the "interest rate" was stated as "0.000%" and (d) no interest was in the "Placed" or "Added" columns, (e) seeking to collect a personal credit card account debt (f) incurred for personal, family or household purposes (g) between March 27, 2016 and March 28, 2017, inclusive, (h) that was not returned by the postal service.

56. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

57. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

8

58. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

61. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 28, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com